## GEORGE W. DYKES *v.* JOHN COCKRELL.

An order of appeal must be in writing; but where, from some oversight, the clerk neglected to enter it on the minutes, it may be done at a subsequent term of the court, *nunc pro tunc.*

The declarations of an agent, while acting as agent, are good evidence against the principal. So, an acknowledgment by an agent, that he had received a draft in part payment of a debt he was appointed to collect, is evidence of the fact.

| 6 | 707 |
| 125 | 304 |

Case 2

APPEAL from the District Court of Bossier, *Olcott*, J. *B. L. Hodge*, for plaintiff. *Andrew Lawson*, for defendant. The judgment of the court was pronounced by

PRESTON, J. A motion was made at the last term of this court to dismiss this appeal : 1. Because the seal of the court was not affixed to the clerk's certificate of the transcript; and 2. Because there was no order granting the appeal.

DYKES
*v.*
COCKRELL.

The first objection has been now removed, by a proper certificate of the clerk, under the seal of the court.

The district court has also made this order : " In this case, it appearing to the satisfaction of the court, that there was an order of appeal granted by the court from the judgment rendered in this cause, on motion of the defendant's counsel, at the November term of this court, 1849, in open court, and that the same was made returnable to the Supreme Court of this State, to be holden at Monroe, on the first Monday of October, 1850, and that the amount of the bond was fixed, by the judge, at one hundred and fifty dollars for a devolutive appeal, and that the same was not entered fully on the minutes of the court, by the clerk of said court; it is now ordered by the court, that the order of appeal granted at the said November term of this court, in the year 1849, be now corrected, and entered fully on the minutes of this court *nunc pro tunc.*  Signed, ROLAND JONES, Judge Seventeenth District."

The act of 1839 prescribes : "That hereafter no appeal to the Supreme Court shall be dismissed on account of any defect, error, or irregularity in the petition, or order of appeal, or in the certificate of the clerk or judge, whenever it shall not appear that such defect, error or irregularity is imputed to the appellant, but in all such cases the court shall grant a reasonable time to correct such errors or irregularities."

It appears by the above order of the district court, that an order of appeal was made in this case, in November, 1849, and this order amounts to its recognition by the court, and entry upon the minutes.  Although the irregularities which this record presents are subjects of animadversion, yet the whole spirit of our legislation, with regard to appeals, requires the Supreme Court to arrive at the merits of cases, if possible, and give judgment according as the rights of the cause and matter in law shall appear unto them, without regarding any imperfections or want of form in the process or course of proceeding whatsoever.  Acts of 1813, section 13.  Bullard and Curry, 177.  On the merits, the case presents questions of fact alone as to the plaintiff's claim.  The estimates of the weight of the cotton, which is the subject matter of controversy, seems high, but we are unable to say, from the evidence, that the district court erred.

A bill of exceptions, however, was taken by the defendant to the refusal of the court to receive the testimony of witnesses as to the declarations of the plaintiff's agent, while acting as agent, as to a credit of seventy-five dollars, claimed in the answer.  He was made agent to collect the debt for which this suit was instituted.  His acknowledgment that he had received that amount in a draft on the commission merchants who sold the cotton, was binding upon the plaintiff.

The credit was expressly plead, and thus notice was given to the plaintiff that the defendant would establish it by proof.  If the testimony to the agent's acknowledgment was untrue, it might have been contradicted by examining the agent himself, or the amount of the credit itself might have been disproved by the commission merchants.

It is true, the agent himself was examined for the plaintiff upon interrogatories, and might have been interrogated as to this credit ; but we cannot see how the neglect of the plaintiff to elicit the testimony from him, should preclude him from offering equally conclusive evidence of his acknowledgment.  Proof of his acknowledgment while agent, being the acknowledgment of the plaintiff himself, is as conclusive as his own testimony would have been.

This legal point having been decided against the plaintiff, counsel have admitted the credit, rather than that the case should be remanded.

It is decreed, that the judgment of the district court be reversed, and that the plaintiff recover from the defendant the sum of one hundred and ninety-five dollars, with costs in the district court, and that he be condemned to pay the costs of the appeal.